IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| VINCENT EDWARD WILKERSON,<br><br>          Petitioner,<br><br>vs.<br><br>BOB CORDLE, Superintendent, Lemon Creek Correctional Center,<br><br>          Respondent. | No. 3:21-cv-00070-JKS<br><br>ORDER OF DISMISSAL |

      Vincent Edward Wilkerson, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition"). Docket No. 1. Wilkinson challenges the 2009 judgment of conviction following a jury trial entered by the Superior Court for the State of Alaska, Case Number 3AN-08-01096CR, on the ground that his trial counsel rendered ineffective assistance. *Id.* at 5.

      After reviewing the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, this Court issued an Order to Show Cause ("OSC") on March 29, 2021, directing Wilkerson to file a Response addressing the facial untimeliness of the Petition and whether there are grounds for equitable tolling. Docket No. 2. The OSC explained why the Petition was facially untimely and why the statutory tolling available did not render it timely. *Id.* at 2-3. The OSC laid out the equitable tolling doctrine and expressly directed Wilkerson to explain how the

-1-

Petition is timely (if he so contends) and to provide any available competent evidence to establish such timeliness. *Id.* at 4-6. Wilkerson responded to the OSC at Docket No. 3. He states that he believed his Petition was filed timely because it was filed within one year of the date of the latest judgment he received in state court. *Id.* at 2. Because the Supreme Court denied his petition for hearing on his post-conviction relief ("PCR") application on July 8, 2020, he believed that the instant Petition, filed on March 17, 2021, was timely because it was filed within one year of that date. *Id.* at 2-3.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), there is a one-year limitations period in which a state prisoner may file a federal habeas petition challenging his or her state conviction:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> ... or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

As noted in the OSC, the Alaska state court records indicate that the Alaska Supreme Court denied Wilkerson's petition for hearing on direct appeal on June 13, 2012. *See* https://appellate-records. courts.alaska.gov/ (*Wilkerson v. State*, S-14653). His conviction became final for AEDPA purposes 90 days later, when his time to file a petition for certiorari in the U.S. Supreme Court expired on September 11, 2012. *See Jiminez v. Quarterman*, 555 U.S. 113, 119 (2009); *Spitsyn v. Moore*, 345 F.3d 796, 798 (9th Cir. 2003). The one-year period under the AEDPA therefore began running on that date. 28 U.S.C. § 2244(d)(1)(A).

As the OSC further explained, the AEDPA limitations period is tolled during the pendency of a properly-filed post-conviction relief application in the state courts. 28 U.S.C.

§ 2244(d)(2). The period therefore was tolled during the pendency of Wilkerson's PCR application in the Alaska state courts, from February 4, 2013, when he filed the PCR application in the superior court, to July 8, 2020, when the Alaska Supreme Court denied Wilkerson's petition for hearing on its denial. Docket No. 2 at 3-4. When Wilkerson filed his PCR application on February 4, 2013, 146 days had elapsed since his conviction became final on September 11, 2012. *Id.* When Wilkerson filed his Petition in this Court on March 17, 2021, an additional 250 days elapsed since the Alaska Supreme Court denied his petition for hearing on his PCR application on July 8, 2020. *Id.* Adding those two time periods together, a total of 396 days of the 1-year (or 365-day) AEDPA deadline had run. *Id.* Wilkerson's Petition is therefore untimely.

Wilkerson argues that the delay should be excused because he was unaware that the one-year period is measured from the date his judgment became final on direct review. Docket No. 3 at 2-3. Wilkerson avers that he believed the "judgment" to which 28 U.S.C. § 2244(d)(1)(A) refers is the latest judgment issued in state court, including those issued on post-conviction review. *Id.* Wilkerson stresses that his Petition is only about thirty days late, and he has been diligently pursuing his claims in state and federal court since his conviction.

While the Court is not unmindful of the challenges *pro se* litigants face, a mistaken belief regarding the filing deadline of a federal habeas petition is not a ground for equitable tolling that would preserve the timeliness of a late-filed petition. *See Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1012-13 (9th Cir. 2009) (petitioner's confusion over AEDPA does not justify equitable tolling); *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (explaining that petitioner's "inability correctly to calculate the limitations period is not an extraordinary circumstance warranting equitable tolling"). Although Wilkerson's mistaken belief makes his untimely petition understandable, it unfortunately does not make it excusable. This Court is simply without power to grant habeas relief on an untimely Petition. Wilkerson's Petition therefore must be dismissed with prejudice as untimely. *See Herbst v. Cook*, 260 F.3d 1039,

1043 (9th Cir. 2001) ("[W]hile the district court has the authority to raise the statute of limitations sua sponte and to dismiss the petition on those grounds, that authority should only be exercised after the court provides the petitioner with adequate notice and an opportunity to respond.") (citations omitted).

**IT IS THEREFORE ORDERED:**

1. The Petition is DISMISSED WITH PREJUDICE for untimeliness.

2. All pending motions are DENIED as moot.

3. The Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003))). Any further request for a Certificate of Appealability must be addressed to the Ninth Circuit Court of Appeals. *See* Fed. R. App. P. 22(b); 9th Cir. R. 22-1.

4. The Clerk of Court is directed to issue a judgment accordingly.

Dated at Anchorage, Alaska this 26th day of April, 2021.

s/James K. Singleton, Jr.<br>
JAMES K. SINGLETON, JR.<br>
Senior United States District Judge